

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2005 DEC -8 P 1:31

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

BRENDA L. CARBAJAL                                 CIVIL ACTION

VERSUS                                             NO:   04-2701

SOCIAL SECURITY ADMINISTRATION                     SECTION: "F" (4)

REPORT AND RECOMMENDATION

I.   **Introduction**

This is an action for judicial review of a final decision of the Commissioner of Social Security pursuant to **Title 42 U.S.C. § 405(g)**. The Commissioner denied Brenda Carbajal's claim for Supplemental Security Income Benefits and Disability Insurance Benefits under Title XVI of the Social Security Act. 42 U.S.C. § 1381 et. seq.

The matter was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b) and Local Rule 19.02E(b), for the submission of Proposed Findings and Recommendations.

II   **Factual and Procedural Summary**

The claimant, Brenda Carbajal ("Carbajal"), is a forty-two-year-old woman with a high school education and past work experience as a data entry clerk and housekeeper. (Tr. 13). She contends that she is entitled to Supplemental Security Income Benefits and Disability Insurance

___ Fee_____
___ Process_____
_X_ Dktd_____
___ CtRmDep_____
___ Doc. No._____

Benefits because she has been disabled since April 1, 2002 from right knee arthritis, three previous right knee surgeries, and high blood pressure. (Tr. 47).

She therefore applied for disability insurance benefits and supplemental security income. However, her applications were denied at the initial administrative level. She then requested a hearing before an Administrative Law Judge which took place on October 29, 2003. (Tr. 30, 35, 210). The ALJ issued a decision denying Carbajal's application, finding that she was not disabled within the meaning of the Social Security Act. (Tr. 10-17). Carbajal requested review of the decision by the Appeals Council, but it denied her request on August 13, 2004. (Tr. 3). Therefore, the ALJ's decision became the final decision of the Commissioner pursuant to Title 42 U.S.C. § 405(g).

Carbajal then sought review of the administrative decision in this Court on September 29, 2004. Carbajal contends that the ALJ's decision should be reversed and benefits awarded because:

1. The ALJ failed to give proper weight to the treating physician's opinion; and

2. The ALJ failed to find the plaintiff credible despite corroborating evidence.

### III. Standard of Review

The role of this Court on judicial review under Title 42 U.S.C. § 405(g) is determining whether there is substantial evidence in the record supporting the determination of the fact finder. The Court may not re-weigh the evidence, try issues *de novo,* or substitute its judgment for that of the Commissioner. *Allen v. Schweitker*, 642 F.2d 799, 800 (5th Cir. 1981). If supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389 (1971); *see also Wilkinson v. Schweiker*, 640 F.2d 743, 744 (5th Cir. 1981).

Substantial evidence is more than a scintilla and less than a preponderance, and is considered such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *See Richardson*, 402 U.S. at 401. It must do more than create a suspicion of the existence of the fact to be established and a Court will not find "substantial evidence" if there is a "conspicuous absence of credible choices" or "contrary medical evidence." *Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973); *Hemphill v. Weinberger*, 483 F.2d 1137, 1138 (5th Cir. 1973).

The concept of disability is defined in the Social Security Act, as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted . . . for a constructive period of not less than twelve months." *See* 42 U.S.C. §§ 416(i)(1), 423 (d)(1)(A). Section 423(d)(3) of the Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

When determining whether a claimant is capable of engaging in any substantial gainful activity, the Secretary applies a five-step sequential evaluation process. The rules governing the steps of this evaluation process are: (1) a claimant who is working, engaging in a substantial gainful activity, will not be found to be disabled no matter what the medical findings are; (2) a claimant will not be found to be disabled unless he has a "severe impairment"; (3) a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors; (4) a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and (5) if

the claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered to determine whether he can do other work. *See Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990).

The burden of proof is on the claimant for the first four steps, but shifts to the Secretary at step five. *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989).

## IV. Analysis

### A. The ALJ's Analysis of the Treating Physician's Opinion

Carbajal contends that the ALJ erred when denying her application because it failed to give appropriate weight to her treating physicians medical opinion. She contends that the ALJ focused on isolated bits of medical evidence rather than on her medical record as a whole. She further contends that the ALJ failed to consider Dr. Brunet's letter of March 27, 2003 which indicated that even though Carbajal had been wearing a brace, her condition had not improved such that she would be a candidate for joint replacement surgery. (Tr. 204).

The Commissioner contends that the ALJ properly evaluated Dr. Brunet's medical opinion and that the ALJ was correct when he rejected the medical opinion. The Commissioner contends that Brunet's opinion was conclusory and inconsistent with the evidence. The Commissioner further contends that the ALJ did not accept Dr. Brunet's disability opinion because disability is a legal determination based on medical and vocational criteria.

The criteria at issue, 20 C.F.R. § 404.1527, provides that the ALJ consider (1) the physician's length of treatment of the claimant; (2) the physician's frequency of examination; (3) the nature and extent of the treatment relationship; (4) the support of the physician's opinion afforded by the

4

medical evidence of record; (5) the consistency of the opinion with the record as a whole, and; (6) the specialization of the treating physician. *See* 20 C.F.R § 404.1527.

Under the regulations, a treating physician may offer an opinion which reflects a judgment about the nature and severity of the claimant's impairments including the claimant's symptoms, diagnosis and prognosis, and any physical or mental restrictions. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995); 20 C.F.R.§ 404.1527(a)(2). The ALJ gives controlling weight to that type of opinion if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with..... other substantial evidence." *Martinez*, 64 F.3d at 176; 20 C.F.R. § 404.1527(d)(2).

The record shows that the ALJ reviewed the medical records of Dr. Brunet, Carbajal's treating physician. (Tr. 16). The ALJ noted that she complained of difficulty walking and right knee pain during the time period. (Tr. 15-16). The ALJ also specifically noted it was not accepting Dr. Brunet's general statements that Carbajal was disabled because the clinical findings in the record were inconsistent with Dr. Brunet's findings and were consistent with the consultative examiner's findings. (Tr. 16). The ALJ noted that Dr. Brunet concluded that his patient was doing fairly well and that he was not recommending surgery yet the doctor also alleged that Carbajal was disabled.

The Court notes that while Carbajal alleges in her submission that her pain level did not change, the results of her physical examinations suggests that her degree of pain did decrease from March of 2003 through July of 2003.

For example, during the March 27, 2003 visit, she reported that her leg pain was gone. (Tr. 198). Dr. Brunet noted that she had no swelling in her quadriceps and the tone was good.

5

*Id.*

At an examination two months later on May 7, 2003, while Carbajal complained of continued knee pain, her treating doctor found decreased quad strength, no swelling and decreased pain along the medial line. The doctor also recommended physical therapy to assist her with the loss of her strength in the quad area. (Tr. 196). The June 24, 2003 visit also resulted in an examination finding of decreased quad strength, no swelling and decreased pain along the medial line. (Tr. 195).

A finding of disability may not be based on subjective symptomology alone. It must be based on objective evidence. *Hollis v. Bowen*, 837 F.2d 1378 (5th Cir. 1988).

Although pain may serve as a basis for disability, the issue is not the existence of pain, but whether the pain suffered by the claimant is of sufficient severity to prevent work activity. *See id.* at 1394. Pain constitutes a disabling condition when it is "constant, unremitting and wholly unresponsive to therapeutic treatment." *See Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990).

The medical evidence showed a decrease in pain in the medial line. The brace seemingly caused a decrease in her pain suggesting that her knee was responding to Dr. Brunet's therapeutic treatment, contradicting Carbajal's assertion in her brief.

Carbajal further alleges in her brief that she is disabled because Dr. Brunet found that because she had symptoms which were not likely to improve and which one day could require joint replacement surgery. (Tr. 204). However, the evidence contained in the record shows improvement, contradicting this assertion. When Carbajal was examined in February 2003 by the consultative physician, the record shows that at the time of her visit, there was a non-tender

surgical scar involving the anterior aspect of the right knee. (Tr. 167). There was mild to moderate evidence of hypertropic changes with soft tissue swelling and evidence of a small synovial effusion. *Id.* She also had diminished range of motion of the right knee. *Id.*

In contrast, on July 9, 2003, Dr. Brunet noted improvement but he also said Carbajal might one day need surgery. (Tr. 194, 204). He indicated in his medical records that she had full range of motion of her right knee with 4/5 in strength and 5/5 strength in her quadriceps, Achilles' and hamstrings. (Tr. 194). However, in a letter dated the same day as the exam, Dr. Brunet indicated that "[s]he still has symptoms and this is unlikely to change with time." (Tr. 204). The ALJ therefore was free to reject the opinion of Carbajal's treating physician where as here the medical evidence supported a contrary conclusion. *Paul v. Shalala*, 29 F.3rd 209, 211 (5th Cir. 1994).

**B.   Credibility**

Carbajal next contends that the ALJ erred when it concluded that she was not credible. She complains that the intensity and persistence of her symptoms affect her ability to work and that her complaints should not be disregarded because they are not substantiated by medical evidence. She contends that her testimony at the hearing is consistent with the medical evidence because she was diagnosed with multiple back and knee problems which produced her symptoms.

The Commissioner, on the other hand, contends that the ALJ is entitled to determine credibility and that the ALJ properly considered Carbajal's symptoms. The Commissioner contends that it does not dispute that Carbajal experienced some knee impairment and pain associated with her knee; however, the condition is not disabling.

Title 20 C.F.R. § 404.1529 provides that statements about an individual's symptoms are

not sufficient to establish a disabling physical or mental impairment. *See* 20 C.F.R. § 404.1529. However, Social Security Ruling 96-7p provides that statements about symptoms and pain are not rejected solely due to lack of evidence. Such other factors as activities of daily living, medication dosage and side-effects, and treatment and methods of alleviating pain are considered when determining the limiting effects of pain and symptomatology on the ability to work. *See* 20 C.F.R. § 404.1529 (a)(c).

In *Abshire v. Bowen,* the Fifth Circuit reasoned that an "ALJ's unfavorable credibility evaluation of a claimant's complaints of pain will not be upheld on judicial review where the uncontroverted medical evidence shows a basis for the claimant's complaints unless the ALJ weighs the objective medical evidence and assigns articulated reasons for discrediting the claimant's subjective complaints of pain." 848 F.2d 638, 642 (5th Cir. 1988) (per curiam).

In assessing the credibility assertions of disabling pain, the ALJ is free to consider the following factors: (1) the onset of pain is related to a precise event; (2) whether there are consistent notes of pain in the medical record, including diagnosis and prescription of pain medications;[1] and (3) whether there is a consistency with the medical evidence.[2] The ALJ may not ignore the subjective complaints of the claim if supported by medical signs and findings. *Veal v. Bowen* 833 F.2d 693, 698 (7th Cir. 1987).

According to the record the ALJ considered the onset of Carbajal's pain. The ALJ noted that Carbajal had problems with her right knee resulting in three surgeries with the first surgery

---

[1] *See Carpenter v. Heckler*, 733 F.2d 591, 592-93 (8th Cir. 1984).

[2] *See Holland v. Heckler*, 768 F.2d 277, 281 (8th Cir. 1985).

occurring in 2000. (Tr. 13-14). The ALJ also noted that she underwent an arthroscopic surgery with debridement and partial synovectomy with a diagnosis of chronic synovitis and that after the surgery her doctor noted a decrease in swelling and improved quadriceps tone. (Tr. 14).

The ALJ further noted inconsistencies in Carbajal testimony which contradicted her doctor's findings that she had swelling, severe pain in her right knee all the time, difficulty bending, stooping and climbing. *Id.* The ALJ also noted that she testified that she needs a knee replacement but was told that she was too young. *Id.* The ALJ also noted her testimony that she has pain in her low back, hip and ankle and numbness in her foot. *Id.*

The ALJ concluded that while her impairment could reasonably be expected to cause some pain and limitation, the evidence did not support the decree of symptoms and limitations indicated by Carbajal. *Id.* The ALJ noted that the record showed that her knee pain was reasonably well resolved within a year of her most recent surgery. *Id.* The ALJ also noted that contrary to testimony of Carbajal there was no recommendation for joint replacement surgery at the present time. (Tr. 16).

The record also shows that while she testified that she can no longer vacuum, sweep, cut grass, garden or water ski, she remains able to grocery shop, drive her children to ball games and perform some housekeeping services. (Tr. 15). The Court is of the opinion that although the record shows she suffered with pain as a result of her physical problems, the pain was not unremitting and constant as she could engage in daily living activities such as shopping three times a week for 30 minute increments, occasionally cleaning house, gardening, cooking and watching the news, socializing with her friends and going to church. (Tr. 67). The ALJ therefore properly found that Carbajal's testimony was not credible.

9

## V.     Recommendation

It is the **RECOMMENDATION OF THIS COURT** that the ALJ's decision denying Brenda Carbajal's application for Disability Insurance Benefits and Supplemental Security Income Benefits be **AFFIRMED**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a Magistrate Judge's Report and Recommendation **within ten (10) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

Houston, Texas, this 7th day of December 2005.

_____
KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE